**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**George McGOWAN, Defendant-Appellant.**

**No. 43188.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 8, 1982.

Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, Mo., for plaintiff-respondent.

PUDLOWSKI, Judge.

This is an appeal by the defendant, George McGowan, from a jury conviction for first degree burglary in the Circuit Court of the City of St. Louis. The trial court also found that the defendant was a persistent offender. Consequently, he was sentenced to thirteen years in the Department of Corrections. The facts are as follows.

Shortly after midnight on November 18, 1979, Helen Paige was awakened by the sound of breaking glass. From her bedroom window she observed a person wearing blue jeans and white tennis shoes moving around inside an apartment located at 109 North Cardinal in the City of St. Louis. The apartment was occupied by Cathryn Rogers and her family. Mrs. Paige thought the movements of the person in the apartment were suspicious, so she called the police.

An officer from the St. Louis Police Department responded to the call at approximately 12:40 a. m. Upon his arrival, the officer observed the defendant carrying a television near the rear of the building at 109 North Cardinal. The officer approached the defendant and ordered him to stop. The defendant attempted to flee, but was quickly apprehended. At the time of the arrest, the defendant was wearing blue jeans and white tennis shoes. No more than one suspect was observed at the scene of the crime by the police officer or by Mrs. Paige. There was no direct evidence, however, specifically identifying the defendant as the prowler observed by Mrs. Paige.

The police subsequently discovered a shotgun, shotgun case, portable color television and clock radio outside the rear of 109 North Cardinal. All the items belong to Mrs. Rogers, and were locked within her apartment when she left earlier that evening. Defendant's fingerprints were found on the portable television, but were not found anywhere else inside or outside the apartment. Inside the apartment the police found an empty jar, which earlier in the

evening contained a large amount of coinage. At the time of arrest, a large amount of change was found in defendant's pockets.

On the first floor the police found a broken window and the front door open. Some household items near the broken window were disturbed. The police subsequently found that Mrs. Rogers' two children were asleep on the second floor of the apartment during the burglary. The residents of 109 North Cardinal did not know the defendant prior to November 18, 1979, and they never invited the defendant into their apartment. The defendant was convicted of first degree burglary, and this appeal followed.

In his first point on appeal, the defendant asserts that there is not sufficient evidence to sustain his conviction because there was no direct evidence at trial placing him in the apartment. Initially we note that the state need not present direct evidence to make a submissible case. A submissible case may rest purely upon circumstantial evidence, provided that the facts and circumstances are: consistent with each other; consistent with the hypothesis of guilt; and inconsistent with any reasonable hypothesis of innocence. *State v. Franco*, 544 S.W.2d 533, 534 (Mo. banc 1976). We recognize that the facts must point clearly to defendant's guilt so as to preclude any reasonable hypothesis of innocence. *State v. Scruggs*, 551 S.W.2d 306, 308 (Mo.App.1977). The circumstantial evidence, however, need not be absolutely conclusive of guilt, and it need not demonstrate the impossibility of innocence. *State v. Franco, supra.* Our sole responsibility here is to determine whether the state presented sufficient evidence to satisfy the circumstantial evidence rule enunciated above. In fulfilling this task we must consider as true the evidence most favorable to the state and all the favorable inferences reasonably to be drawn therefrom. *State v. Longmeyer*, 566 S.W.2d 496, 499 (Mo.App.1978).

The facts demonstrate that a neighbor awoke to the sound of breaking glass, and observed a person in blue jeans and white tennis shoes prowling in Mrs. Rogers' apartment. The police found a broken window at the apartment. They arrested the defendant outside the apartment. Defendant was wearing blue jeans and white tennis shoes, and he was carrying Mrs. Rogers' television without her permission at the time of his arrest. It is well settled in Missouri that unexplained possession of stolen property gives rise to a permissible inference that the possessor is guilty of the burglary he is charged with. *State v. Lang*, 536 S.W.2d 52, 54 (Mo.App. 1976). The inference of guilt is particularly strong where as in the case here, the accused had possession of the victim's property at the scene of the crime. The police saw no one else but the defendant at the scene and the defendant fled when confronted by them. Unexplained flight may be considered as evidence of guilt. *State v. Burnley*, 480 S.W.2d 881, 883 (Mo.1972). Finally, the defendant had in his possession a large quantity of change, and a large quantity of change was missing from a jar located in the victim's house at the time of defendant's arrest.

Viewing these facts as a whole it is apparent that they are: consistent with one another; consistent with the theory that the defendant committed burglary; and, inconsistent with any reasonable theory of the defendant's innocence. As a matter of pure conjecture it is possible to imagine that someone other than the defendant committed the burglary. The mere existence of other possible hypotheses, however, is not enough to remove the case from the jury. *State v. Franco, supra*, 544 S.W.2d at 534–535. We find the evidence was sufficient to make a submissible case of first degree burglary.

Defendant's second allegation of error under Point II has two subsections with four sub-points. In his motion for a new trial defendant alleged that the trial court erred when it refused to give to the jury defendant's Instruction A on the crime of receiving stolen property, § 570.080 RSMo (1978), claiming that there was direct evidence to substantiate the giving of the instruction. However on appeal the defendant for the first time expanded and

altered his allegations of error under the guise of point II, A(1), (2), (3) and (4). Appellate review is limited to the grounds asserted in the after-trial motions and we have held that failure to present a point raised on appeal in the motion for a new trial prevents the point from being properly preserved for appellate review. Further, allegations of constitutional error must be preserved from the earliest opportunity. *State v. Twiggs*, 553 S.W.2d 69, 70 (Mo.App. 1977). For these reasons, defendant's point II. A(1), (2), (3) and (4) have not been properly preserved for review and are dismissed.

Defendant's point II. B barely complies with our appellate standards but for judicial economy we will dispose of the allegation.

Defendant alleges, as we understand his allegation of error, that there was sufficient evidence for the trial court to submit to the jury an instruction on the crime of receiving stolen property. The defendant was charged with first degree burglary. He was not charged with receiving stolen property. Unquestionably, there was sufficient evidence to convict the defendant as charged. Receiving stolen property is not a lesser included offense of burglary. It is a separate and distinct offense. RSMo. 570.080. Our Supreme Court explicitly has ruled that "a court may not instruct on an offense not specifically charged in the information or indictment unless it is a lesser included offense." This is because due process requires that a defendant may not be convicted of an offense not charged in the information or indictment. *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979). Defendant's second point B is denied.

The judgment is affirmed.

SMITH, P. J., and SATZ, J., concur.