**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Charles JELKS, Defendant-Appellant.**

**No. 46558.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1984.

William H. Greer, St. Louis, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant Charles Jelks was convicted and sentenced as a persistent offender by the court to serve six years imprisonment after a guilty verdict on the charge of burglary in the second degree. § 569.170, RSMo 1978. We affirm.

■■■■ Defendant challenges the sufficiency of the evidence. He offered no evidence at trial. Essential elements of the state's case were circumstantial. In such a case the facts and circumstances relied upon by the state to establish guilt must be consistent with each other and with the hypothesis of guilt. *State v. Porter,* 640 S.W.2d 125, 127 (Mo.1982). In addition the evidence must "be inconsistent with [defendant's] innocence and point so clearly and satisfactorily to guilt to exclude every reasonable hypothesis of innocence." *State v. Hankins,* 642 S.W.2d 606, 614 (Mo. 1982). The circumstantial evidence, however, need not be absolutely conclusive of guilt or demonstrate the impossibility of innocence. *State v. Franco,* 544 S.W.2d 533, 534 (Mo. banc 1976), *cert. denied,* 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). Even in a case based on circumstantial evidence we must consider the evidence and all reasonable inferences therefrom in the light most favorable to the state and disregard evidence to the contrary. *State v. Cobb,* 444 S.W.2d 408, 412 (Mo. banc 1969).

Following these principles we find that the state made a submissible case. On March 16, 1982, Philomene Rauch owned a single family dwelling in the City of St. Louis and a unique antique table kept in the house. The table was dark red and black with the shape of a lion on each of its top four corners. Although the house had been unoccupied for two months, a friend of Mrs. Rauch had been taking care of it for some time, and about one week before March 16, 1982, Mrs. Rauch had a neighbor begin watching the dwelling. Between 9:00 and 9:30 a.m. on March 16 the neighbor was at the house and confirmed that it was secure. He saw no broken windows, all doors were closed and locked, and there was no property in the yard. He testified specifically that he did not see a table in the yard at this time.

The neighbor met Mrs. Rauch at the house at about 12:00 noon on the same day. As he approached the house he saw two men walking near the garage at the back of the house carrying the table. He continued to watch their movement across the back yard and over a fence surrounding the property. He alerted a police officer who drove around the block, arrested the two men (defendant and a companion), and recovered the table from them. The neighbor testified that he never lost sight of the two men until they were apprehended. He testified that in contrast to the condition of the house at 9:30 a.m., at noon boards had been removed from one window, a door to the house was closed but unlocked, and a garage door was standing open. The garage was attached to the house and accessible from the house. At the time of the arrest a second police officer searched defendant's companion and found a pair of scissors which Mrs. Rauch identified as property she kept inside the house. The neighbor and a police officer testified that there had been prior break-ins at the house.

■■■■ From the evidence the jury could find that someone broke into the unoccupied residence between 9:30 a.m. and noon and removed the table and scissors found in the possession of defendant and his companion at the time of their arrest. The unexplained possession of recently stolen property gives rise to a permissible inference that the possessor is guilty of the burglary with which he or she is charged. *State v. Lee,* 491 S.W.2d 317, 320 (Mo. banc 1973); *State v. McGowan,* 636 S.W.2d 354, 356 (Mo.App.1982). This inference is further supported where, as here, defendant was seen in possession of the property at the scene of the crime. 636 S.W.2d at 356.

The direct and circumstantial evidence was sufficient to support the verdict.

Defendant next contends that there was a fatal variance between the charge against him and both the proof at trial and the verdict director. The information charged defendant and his companion jointly and alleged that they *both* "knowingly entered unlawfully in a building ... for the purpose of committing stealing therein." At trial the state did not argue that both men entered the building but rather asked the jury to infer from the evidence that at least one of them had entered. The state's verdict directing instruction, patterned after MAI–CR2d 2.12, authorized a guilty verdict if "defendant *or* [his companion] knowingly entered unlawfully in a building ... for the purpose of committing the crime of stealing therein," and if defendant "with the purpose of promoting or furthering the commission of burglary in the second degree ... acted together with or aided another person in committing that offense." (emphasis added).

 Defendant argues that since he had been charged as a principal he could not be convicted as an aider and abettor. Since common law and under § 556.170, RSMo 1969, (now repealed), however, the general rule has · been that defendants charged as principals may be subsequently convicted as aiders and abettors, also known as principals in the second degree. *See* 42 C.J.S. Indictments and Informations § 147 n. 56, § 260 (1944); *State v. Dinkins*, 508 S.W.2d 1, 4–5 (Mo.App.1974). This is especially true, where, as here, the other participant in the crime is named in the information. 42 C.J.S. Indictments and Informations § 260. Sections 562.036 and 562.041, RSMo 1978, which now define when one is criminally responsible for the conduct of another, do not affect this rule. *See State v. Coleman*, 660 S.W.2d 201, 218 (Mo.App.1983).

In addition, a variance between the charge and the verdict director is generally not fatal unless a new and distinct offense from that charged is submitted to the jury. *State v. Singleton*, 602 S.W.2d 3,

8 (Mo.App.1980). Defendant was both charged with and found guilty of the same specific second degree burglary. The information here sufficiently informed defendant of the charge against him so that he could prepare his defense, and he is not in danger of being tried again on the same charge. *State v. Coleman*, 660 S.W.2d at 218.

We find no error. Judgment affirmed.

REINHARD and CRANDALL, JJ., concur.