STATE of Missouri, Respondent,

v.

Adam LEVESQUE, Appellant.

No. 63470.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 9, 1994.

Gregory A. Oliphant, Jackson, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction of unlawful use of a weapon. We affirm.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial: On February 25, 1991, Barbara and Steven Haffer lived at Parque Carondelet Apartments in the City of St. Louis. Defendant and Valerie Johnson lived upstairs from the Haffers. On that date, at approximately 6 p.m., Barbara Haffer and Johnson began to argue outside the apartment complex. Steven Haffer and Defendant also began to argue. The confrontation then escalated, with Steven Haffer and Defendant grappling and wrestling on the ground. Johnson went upstairs to her apartment and obtained a shotgun. She then took the shotgun to the scene of the confrontation and pointed it at Steven Haffer. Defendant grabbed the gun from Johnson and fired in the general direction of Haffer.

Unknown to the parties, two police officers had been called and were observing the scene. When Defendant fired the shotgun, the officers shouted, "Freeze, police." Defendant and Johnson fled the scene, jumping in their automobile and leaving the area. Both were apprehended by other officers at the entrance to the apartment complex. The shotgun and its ammunition were found in the car.

Defendant and Johnson were charged by information with unlawful use of a weapon. After a joint trial with Johnson, a jury convicted Defendant of that charge.

On appeal, Defendant raises three challenges to the use of Instruction No. 6, the verdict director for unlawful use of a weapon, which was based on MAI–CR3d 331.22 as modified by MAI–CR3d 304.04. He asserts: (1) insufficient evidence existed to show he acted with or aided or encouraged Johnson to commit the offense; (2) the instruction broadened his liability by creating a separate and distinct offense than originally charged in the information; and (3) the instruction did not conform to the Notes on Use for MAI–CR3d 304.04.

We first note Defendant failed to object to the use of this verdict director, and in fact, acquiesced in its use. Therefore, our review is limited to plain errors affecting substantial rights where manifest injustice or miscarriage of justice has resulted. Rule 30.20; *State v. Hill*, 817 S.W.2d 609, 610[1] (Mo. App.1991).

The instruction about which Defendant complains provides in pertinent part:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with her with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on February 25, 1992, in the City of St. Louis, State of Missouri, the defendant Adam Levesque exhibited in the presence of one or more persons a 12 gauge Mossberg shotgun, and

Second, that Adam Levesque did so in an angry or threatening manner, and

Third, that the 12 gauge Mossberg shotgun was readily capable of lethal use, and

Fourth, that defendant Adam Levesque acted knowingly with respect to the facts and conduct submitted in this instruction, and

Fifth, that defendant Adam Levesque did not act in lawful self-defense as submitted in Instruction No. 8,

then you are instructed that the offense of unlawful use of a weapon has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Sixth, that with the purpose of promoting or furthering the commission of that unlawful use of a weapon, the defendant Adam Levesque acted together with or aided or encouraged Valerie Johnson in committing that offense,

then you will find the defendant Adam Levesque guilty under Count I of unlawful use of a weapon.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant Adam Levesque not guilty of that offense.

*    *    *    *    *    *

Defendant first argues insufficient evidence existed to submit the offense of unlawful use of a weapon pursuant to the accomplice liability theory. He contends there is no substantial evidence he acted together with or aided or encouraged his co-defendant Valerie Johnson.

Section 562.041.1(2), RSMo 1986, states a person is criminally responsible for another person's conduct when:

Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

Any evidence which fairly shows Defendant affirmatively participated in aiding Johnson with committing the crime of unlawful use of a weapon is sufficient to support his conviction. *State v. Mills,* 809 S.W.2d 1, 3[1] (Mo.App.1990). "Indicia of aiding and abetting include presence at the scene of the crime, flight therefrom, and association with others involved before, during, and after the commission of the crime." *State v. Forister,* 823 S.W.2d 504, 508[3] (Mo.App.1992); *See also, State v. Roper,* 819 S.W.2d 384, 385 (Mo.App. 1991).

Here, sufficient evidence exists to support the submission of the instruction to the jury. Johnson and Defendant were both present at the scene of the crime. When Johnson brought the shotgun to the scene, Defendant took it from her and fired in Haffer's direction. When the police arrived, Defendant fled the scene with Johnson. Point denied.

■ In Point II, Defendant contends the above instruction broadened his liability from that charged in the information. The information jointly charged Defendant and Johnson as follows:

The Circuit Attorney of the City of St. Louis, State of Missouri, charges that the defendants, ADAM LEVESQUE AND VALERIE JOHNSON, in violation of Section 571.030.01(4), RSMo, committed the Class D felony of unlawful use of a weapon, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that on the 25th day of February, 1992, in the City of St. Louis, State of Missouri, the defendants, ADAM LEVESQUE AND VALERIE JOHNSON, knowingly exhibited, in the presence of one or more persons, 12 gauge mossberg shotgun, a weapon readily capable of lethal use, in an angry or threatening manner.

Defendant maintains the information never charged him with aiding or encouraging Johnson in the commission of unlawful use of a weapon. It merely charged he committed that offense as an active participant.

■ Defendant's point is without merit. A variance between the crime charged in the information and that submitted to the jury is fatal only if the instruction submits a new separate and distinct offense. *State v. King,* 747 S.W.2d 264, 275[12] (Mo.App.1988). Charging Defendant as an active participant in the crime of unlawful use of a weapon and then submitting his liability to the jury on the theory Defendant aided Johnson in the commission of that crime is not fatal. *See, State v. Davis,* 830 S.W.2d 469, 473[12] (Mo.App.1992); *State v. Mansfield,* 793 S.W.2d 609, 612[3] (Mo.App.1990); *State v. Coleman,* 660 S.W.2d 201, 217–18 (Mo.App.1983). Further discussion of this point would serve no jurisprudential purpose. Rule 30.25(b). Point denied.

■ In Point III, Defendant contends Instruction No. 6 failed to conform to the Notes

on Use to MAI–CR3d 304.04. Specifically, Defendant avers the instruction improperly ascribes the conduct of the offense to him and not Valerie Johnson. Defendant cites Notes on Use 7(a) which states:

Where the evidence shows the conduct of the offense was committed entirely by someone other than the defendant and the sole basis for defendant's liability is his aiding the other person or persons (as where the defendant is not even present but planned the offense, or where he is the lookout or driver of the getaway car in a robbery or burglary), then all the elements of the offense should be ascribed to the other person or persons and not to the defendant.

We disagree. The evidence as adduced at trial indicates this was not a case where Defendant's sole basis for liability was his aiding Johnson. Rather, the evidence shows Defendant also committed the elements of the offense and was aided by Johnson. The Notes on Use indicate there is no need to use MAI–CR3d 304.04 in such a situation because an ordinary verdict director ascribing all the elements to Defendant is sufficient. However, MAI–CR3d 304.04 *may* be used, but it poses an additional burden on the prosecution. The Notes on Use further state any variation in ascribing the elements to the defendant shall not be reversible error in the absence of prejudice.

■ Prejudicial error occurs whenever the jury may have been adversely influenced by an erroneous instruction. *State v. Lingar,* 726 S.W.2d 728, 738[17] (Mo. banc 1987). Instructions should not be confusing, misleading, ambiguous, or equivocal. *State v. Shatto,* 786 S.W.2d 232, 234[5] (Mo.App. 1990).

Despite any possible error, we find Defendant was not prejudiced by submission of Instruction No. 6 to the jury. If anything, Defendant was placed in a better position upon its submission, because the State's burden of proof was increased. The State could have submitted an ordinary verdict director pursuant to MAI–CR3d 331.22, ascribing all the elements to Defendant without proof of aiding and abetting. In light of Defendant's

failure to object, we find no manifest injustice. Point denied.

In his final point, Defendant maintains the trial court erred in overruling his motion for judgment of acquittal notwithstanding the verdict (JNOV) because the jury's verdict of guilty against Defendant is inconsistent with the jury finding Johnson not guilty.

■ Defendant relies solely on cases where inconsistent verdicts are handed down in a multi-count indictment against one defendant. *See, e.g., State v. Dorsey,* 706 S.W.2d 478, 480–81 (Mo.App.1986). Defendant fails to cite one case where the prohibition of inconsistent verdicts applies in his situation. In any event, inconsistent verdicts among several charges require reversal only where there is insufficient evidence to support the verdict of guilty. *State v. Davis,* 824 S.W.2d 936, 942[7] (Mo.App.1992). As stated above, sufficient evidence exists to support the verdict. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.