STATE of Missouri, Respondent,

v.

Andrew CELLA, et al.,[1] Appellants.

No. SC 81941.

Supreme Court of Missouri,
En Banc.

Nov. 14, 2000.

Rehearing Denied Dec. 12, 2000.

---

1. The appellants in this case are Andrew James Cella, Floyd Lee Heubner, Dennis Patrick Logan, Michael Andrew Peek, Roger Allen Peek, Donald Ray Schaefer, Donald Lee Shaffer, and Donald Lee Young.

Andrew J. Cella, Donald L. Young, Floyd L. Heubner, Dennis P. Logan, Roger A. Peek, Michael A. Peek, Donald R. Schaefer, Donald L. Schaefer, Rhineland, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

On February 3, 1996, Amanda Brook

Lenk received two traffic tickets.[2] Lenk's grandfather and another visited the judge to whom the matter was assigned. The visitors told the judge that the case should be dismissed and, if it was not dismissed, that they would proceed against him in "their court." The case was not dismissed.

A group of individuals caused a paper labeled an "order to appear" to be served on the judge. The "order," which had no legal effect, sought to require the judge to appear before "Our One Supreme Court," an entity not recognized by the federal or state constitutions or statutes. The "order" informed the judge that if he did not appear, a "judgment," which these individuals had no legal basis to impose, would be entered in the amount of $10,804,000. The judge did not appear.

Following the judge's failure to appear, various individuals, purporting to act as a "grand jury," prepared another "order," also having no legal effect, that various documents be recorded with the county recorder's office. The next day, liens were filed in the recorder's office against the property of the judge.

The defendants were subsequently charged and convicted of the crime of tampering with a judicial officer. Section 565.084, RSMo Supp.1995.[3] Logan was sentenced to seven years imprisonment; all other defendants in this appeal were sentenced to four years imprisonment. Appellants raise at least thirteen points on appeal. They also filed a "petition new found [sic] evidence for reversal and dismissal with prejudice." All of these claims are either not preserved for appellate review, are untimely, or are devoid of merit. Finding no prejudicial error, the judgments are affirmed.

Because appellants challenge the constitutionality of a statute, we have jurisdiction. Mo. Const. art. V, sec. 3.

It is fundamental that on appeal the trial court's action is presumed to be correct, and the burden is on the appellant to establish that the action was erroneous. *Linzenni v. Hoffman,* 937 S.W.2d 723, 725 (Mo. banc 1997). Having the burden of demonstrating error, it is appellant's obligation to prepare and file a transcript that incorporates the proceedings showing that the trial court erred. *State v. Cleveland,* 627 S.W.2d 600, 601(Mo.1982). It is appellant's responsibility to prepare a complete record on appeal. *State v. Dunn,* 817 S.W.2d 241, 244 (Mo. banc 1991). The appellants filed a joint legal file and joint briefs.

The Court originally placed the case on a dismissal docket because of appellants' failure to file a transcript. Appellants were granted time to correct the deficiency. In lieu of filing a transcript, appellants filed a petition/motion in opposition to dismissal asserting that no transcript was necessary as they presented no questions on appeal that required resort to a transcript. Consequently, appellants did not file a transcript.

Appellants first contend that the bill containing section 565.084 includes more than one subject, violating article III, sec. 23 of the state constitution. This contention was not raised in a motion for new trial filed on behalf of appellants. To preserve a constitutional question for review on appeal, it must be preserved in the motion for new trial. *State v. Flynn,* 519 S.W.2d 10, 12 (Mo.1975). As this question is not preserved, the appellants are not entitled to review. Appellants' request for plain error review is declined, as the record on appeal is not sufficient to engage in such review.

Appellants' claim that sec. 565.084 is special legislation, violating article III, sec. 40(28), also was not preserved.

---

**2.** The facts contained in this opinion are taken from *State v. Cella,* 976 S.W.2d 543, 545–48 (Mo.App.1998), the appeal taken from the first convictions of the defendants.

**3.** Unless otherwise indicated, all statutory citations are to RSMo 1994.

Moreover, there is no plain error. A "special law" is a law that includes less than all who are similarly situated. A law is not special if it applies to all of a given class alike and the classification is made on a reasonable basis. *Fust v. Attorney Gen. for the State of Mo.,* 947 S.W.2d 424, 432 (Mo. banc 1997). The statute applies to all judicial officers. The classification is a reasonable one, seeking to assure the public that judges confine their decisions to the evidence and law applicable to a case rather than threats and intimidation.

■■■■ Appellants' claim that the statute is void for vagueness cannot be reviewed in the absence of a transcript. In reviewing vagueness challenges, the language is to be evaluated by applying it to the facts at hand. *Cocktail Fortune, Inc. v. Supervisor of Liquor Control,* 994 S.W.2d 955, 959 (Mo. banc 1999). Absent a transcript it is not possible to determine the "facts at hand."

■■■■ Appellants next claim that the state could not file charges against them by using an information in lieu of indictment. This issue is not preserved, as these appellants did not file a motion for new trial. No plain error occurred because the use of an information in lieu of indictment is permitted by article I, sec. 17, of the state constitution. *State v. Martin,* 395 S.W.2d 97, 99 (Mo.1965).

■■■■ For their next claim, appellants assert that they cannot be charged as principals and convicted as accessories. As with their other claims, this claim is not preserved for appellate review. No plain error occurred. Long ago, this Court eliminated the common law distinction between principals and accessories. This was also reflected in sections 556.170 to 556.190, RSMo 1969. All persons who act together with a common intent and purpose in the commission of a crime are equally guilty. An indictment or informa-

tion may charge a defendant either as a principal or as an aider and encourager with the same legal effect. It is proper to submit to the jury a theory of accomplice liability despite charging the defendant as a principal. *State v. Isa,* 850 S.W.2d 876, 898 (Mo. banc 1993).

■■■■ Did the trial court commit plain error by permitting the case to be prosecuted by assistant attorneys general? This is appellants' next unpreserved claim. The trial court did not commit prejudicial error.

Section 56.110 permits the appointment of a special prosecutor due to a prosecutor's conflict of interest. *State v. Fears,* 803 S.W.2d 605, 610 (Mo. banc 1991). The trial court appointed the attorney general. Section 27.010 provides that assistant attorneys general shall assist the attorney general in the duties of the office and have authority under the attorney general's direction to represent the attorney general in the discharge of all the duties of that office. Moreover, appellants fail to articulate any prejudice resulting from the appointment. *See Fears,* 803 S.W.2d at 610.

■■■■ In connection with this claim, appellants filed a "petition," which is treated as a motion, asserting newly "found" evidence. The evidence consists of a statement from the secretary of state's office that the oaths of office for assistant attorneys general are not on file with the Missouri state archives. Such evidence does not constitute newly discovered evidence as it could have been discovered before trial. A necessary element to establish newly discovered evidence is that movant exercise due diligence in discovering the evidence. *State v. Taylor,* 589 S.W.2d 302, 305 (Mo. banc 1979). There is no apparent reason why the evidence claimed to be newly "found" could not have been discovered prior to trial. Further, that the oaths are not on file with the Missouri state archives fails to prove that the oaths do not exist.[4] The motion is overruled.

---

4. It may have been helpful to the Court for the respondent to file suggestions in opposi-

tion to the "petition."

█ It is difficult to ascertain appellants' next claim of error. The point relied on states:

THE TRIAL COURT PLAINLY ERRED COMMITTED MANIFESTED INJUSTICE AND ABUSED JUDICIAL DISCRETION BY DENYING VARIOUS MOTIONS IN BAR WHICH WERE SUBMITTED AND NOTIFIED THAT TRIAL COURT THAT THE CAUSE WAS CONSTITUTIONALLY BARRED AND WAS BEGUN UPON A FRAUD COMMITTED BY UNAUTHORIZED LAWYERS AND ACCEDED TO BY THE TRIAL JUDGE.

The point clearly fails to comply with Rule 30.06(c) in that it fails to state the legal reasons for the claim of reversible error and, therefore, fails to explain why those legal reasons support the claim of reversible error. The Court declines to grant plain error review in light of the uncertainty as to the claim.

█ Although appellants contend that the trial judge was without jurisdiction to try the case, this Court assigned said judge by order of November 5, 1998. A certified copy of the order is contained in appellants' legal file. The original of the order contained in this Court's records contains the signature of the chief justice. There is no authority cited to support appellants' contention that only a party could request a new judge upon the recusal of the judge who originally heard the case. In fact, Rule 32.10 sets out the procedure to follow when a judge disqualifies without application. That rule does not contemplate or require the participation of a party to secure the assignment of a new judge by this Court.

█ Appellants next allege that the trial judge was required to recuse due to his bias and prejudice. The principal basis for this claim is the judge's refusal to conclude that the assistant attorneys general were not authorized to prosecute this case. As previously discussed, this claim is without merit; therefore, there is no basis to conclude the judge was biased and prejudiced. Moreover, a disqualifying bias and prejudice is one with an extrajudicial source that results in the judge forming an opinion on the merits based on something other than what the judge has learned from participation in the case. *State v. Nicklasson*, 967 S.W.2d 596, 605 (Mo. banc 1998). There is no showing of an extrajudicial source.

█ Appellants' next point relied on seeks plain error review for the denial of petitions and motions and demands. The point fails to identify the petitions, motions, and demands that were erroneously denied or overruled by the trial court. The point preserves nothing for review. The argument portion of the brief refers to various motions to suppress. Even if the motions were overruled, appellants fail to file a transcript that would enable the Court to determine if the evidence sought to be suppressed was introduced into evidence over objection.

The legal file also fails to include any indication as to the relevant testimony that would be offered by various witnesses subpoenaed by appellants. The trial court quashed these subpoenas. Absent the necessary record, there is no basis to conclude that the trial court committed prejudicial error. To the extent appellants include in this point another attempt to claim the assistant attorneys general were not authorized to act, the claim is again rejected. *See State v. Elgin*, 391 S.W.2d 341, 343–44 (Mo.1965).

█ For their next claim, the appellants assert that the jury was improperly instructed with respect to the facts necessary to convict them. The brief fails to include the instructions in the argument portion of the brief as required by Rule 30.06(c). Appellants appear to contend that the instructions were flawed because they required the jury to find that a person who was not a defendant engaged in certain activities. No authority is cited for this theory. Such a theory requires an examination of the transcript to determine the evidence that was presented. Appel-

**120**

lants failed to file such a transcript. Without authority or a transcript, the trial court cannot be found to have committed prejudicial error.

█ For their final point, appellants argue that the record does not show that they were arraigned. In the record filed by appellants, one docket entry notes the formal arraignment of an unnamed defendant. That docket entry also demonstrates, however, that the arraignment was done to correct a defect in the defendant's prior arraignment. There is no indication that the appellants were not arraigned and no indication in the record on appeal that any motion was made to the trial court alleging a failure to arraign the appellants.[5] In these circumstances, as in several others, the trial court cannot be found to have committed prejudicial error.

PRICE, C.J., LIMBAUGH, WHITE, HOLSTEIN and WOLFF, JJ., concur.

COVINGTON and BENTON, JJ., not participating.

5. It may have been helpful to the Court for the respondent to file a supplemental record on appeal setting out the fact of each defendant's arraignment.