

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110964 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Pike County |
| vs. | ) | |
| | ) | Honorable Patrick S. Flynn |
| JESSE E. CALLAWAY, | ) | |
| | ) | |
| Respondent. | ) | Filed: May 9, 2023 |

## I.    Introduction

The State appeals from the judgment of the Circuit Court of Pike County dismissing nine counts of a Felony Information against Defendant Jesse E. Callaway ("Callaway") arising from an incident in which Callaway and James C. Merlenbach ("Merlenbach") were arrested following a high-speed vehicle chase by Pike County Sheriff's Deputies who had been investigating a report of a theft in progress on private property. Callaway and Merlenbach were charged with twelve counts in nearly identical Felony Informations, which included nine counts related to fleeing from the sheriff's deputies in a motor vehicle and three counts related to theft and trespassing.

Merlenbach pled guilty to leaving the scene of a motor vehicle accident. Callaway then filed a motion to dismiss all charges against him relating to the operation of a motor vehicle, arguing that the State's continued prosecution of these charges violates his right to substantive due process. Specifically, Callaway argued that it was inherently factually contradictory to

prosecute him for any such offenses because only one person can physically "operate" a motor vehicle, and by pleading guilty, Merlenbach had admitted to "operating" the vehicle. The State objected. The circuit court sustained the motion and dismissed all nine counts relating to the operation of a motor vehicle.

The State appeals, arguing that the circuit courted erred in dismissing these charges because it was not improper to charge both defendants with crimes related to the operation of a motor vehicle in that Missouri law permits the State to charge co-defendants using principal and accessory theories of liability, and the State was not required to specify in the Felony Information whether Callaway was being charged as a principal or as an accessory. The State further argues that Callaway has not shown that the State was pursuing inherently factually inconsistent theories of prosecution. We agree that the circuit court erred in dismissing these charges. We reverse and remand for further proceedings.

## II. Factual and Procedural Background

According to the probable cause statement prepared by Deputy Roy Peters ("Deputy Peters") of the Pike County Sheriff's Department, on January 28, 2021, he and a fellow deputy, Sergeant Preston Hipes ("Deputy Hipes"), responded to a report of a theft in progress on private property in Clarksville, Missouri. Upon locating a truck matching the description of the suspect vehicle, a lengthy pursuit began. After narrowly avoiding collisions with the truck, the deputies continued their pursuit at speeds exceeding 125 miles per hour, and eventually the truck spun around and accelerated at the deputies' patrol vehicle, striking it head on. The truck again fled, but the deputies continued their pursuit, subsequently attempting to disable the truck by pushing it off the road and into the nearby wood line. Based on photographs they had previously viewed, the deputies identified Callaway as the driver and Merlenbach as the passenger. The truck then collided with the passenger side of the Deputies' patrol vehicle, and the deputies eventually lost

contact with the truck due to the extensive damage to their patrol vehicle. The probable cause statement concluded by noting that the truck was involved in another pursuit in Lincoln County with sheriff's deputies and the Missouri Highway Patrol.

After Callaway and Merlenbach were apprehended, they were each charged with the following twelve counts: <u>Count I</u> – the Class A felony of assault in the first degree for knowingly attempting to cause serious physical injury to Deputy Peters by colliding a vehicle with his vehicle; <u>Count II</u> – the Class A felony of assault in the first degree for knowingly attempting to cause serious physical injury to Deputy Hipes by colliding a vehicle with his vehicle; <u>Count III</u> – felony armed criminal action for committing the felony of assault in the first degree, as alleged in Count I, by, with, and through the knowing use, assistance, and aid of a deadly weapon; <u>Count IV</u> – felony armed criminal action for committing the felony of assault in the first degree, as alleged in Count II, by, with, and through the knowing use, assistance, and aid of a deadly weapon; <u>Count V</u> – the Class E felony of leaving the scene of a motor vehicle accident; <u>Count VI</u> – the Class E felony of resisting a lawful stop; <u>Count VII</u> – the Class D felony of first degree property damage for knowingly damaging the deputies' patrol vehicle; <u>Count VIII</u> – the Class E felony of first degree property damage for knowingly damaging a cemetery and trees; <u>Count IX</u> – the Class D felony of stealing for appropriating property (i.e., trees) without permission of the owner; <u>Count X</u> – the Class B misdemeanor of trespass in the first degree for knowingly entering unlawfully in land that was enclosed; <u>Count XI</u> – the Class A misdemeanor of careless and imprudent driving for operating a vehicle on a public highway in a careless and imprudent manner by driving over 100 miles per hour and being involved in an accident; <u>Count XII</u> – the Class B misdemeanor of exceeding the speed limit for operating a motor vehicle on Highway 79 at a speed of 120 miles per hour where the uniform maximum speed limit was 60 miles per hour.

3

On July 12, 2021, Merlenbach entered a plea of guilty to the charge of leaving the scene of a motor vehicle accident under § 577.060.[1] The circuit court accepted Merlenbach's guilty plea and sentenced him to four years' incarceration. The State dismissed all of the remaining counts against Merlenbach.

On August 18, 2022, Callaway filed a motion to dismiss Counts I–VI of the Felony Information against him, arguing that Merlenbach had previously pled guilty to the charge of leaving the scene of a motor vehicle accident, and in doing so, admitted to operating the motor vehicle involved in the chase. Callaway further argued that continuing to prosecute him for any offenses relating to the operation of the motor vehicle after Merlenbach pled guilty "is fundamentally unfair State action and violates [his] right to substantive due process."

On August 22, 2022, the circuit court held a hearing on Callaway's motion to dismiss. Callaway's counsel introduced a certified copy of Merlenbach's Felony Information, asked the court to take judicial notice of Merlenbach's court file, and reiterated the primary arguments in the written motion, particularly emphasizing that the State did not allege in the charging documents that Callaway and Merlenbach were acting "in concert with one another." In addition, Callaway's counsel emphasized that when Merlenbach pled guilty to Count V of the Felony Information, he "made the solid admission under oath that he operated the vehicle Mr. Callaway is accused of operating," and further, that "this Court accepted his guilty plea and found beyond a reasonable doubt that he indeed was the operator of that vehicle." However, Callaway's counsel relied solely on the Felony Information, and did not introduce the transcript from Merlenbach's guilty plea hearing, nor was it contained in Merlenbach's court file.[2] Other

---

[1] All statutory references are to RSMo (2016), unless otherwise indicated.
[2] We also note that the record on appeal likewise does not contain the transcript from Merlenbach's guilty plea hearing or any other evidence regarding the details of Merlenbach's guilty plea, including whether he specifically admitted that he was indeed the "operator" (i.e., the driver) of the motor vehicle during the high-speed chase or that the circuit court made an express finding to that effect. Therefore, we cannot accept these conclusory statements in Callaway's brief.

than vaguely referring to Callaway's "due process" rights, Callaway's attorney did not offer any authority for the proposition that the State could not charge two defendants with a driving-related offense.

After hearing further arguments from the parties, the circuit court granted Callaway's motion to dismiss, which also applied to Counts VI, XI, and XII pursuant to an oral request from Callaway's counsel at the hearing, leaving only Counts VIII, IX, and X still pending in the Felony Information. Specifically, the circuit court noted that because Callaway and Merlenbach were not charged as either a principal or an accessory, the State cannot proceed with charges against Callaway once Merlenbach confessed to a crime "that can only be committed by one person." This appeal followed.

### III.    Standard of Review

"When the facts are uncontested and the only issue is a matter of statutory construction, we review the circuit court's dismissal of a felony complaint under a *de novo* standard." *State v. Smothers*, 297 S.W.3d 626, 632 (Mo. App. W.D. 2009) (citing *Holtcamp v. State*, 259 S.W.3d 537, 539 (Mo. banc 2008)). In this case, our review of the circuit court's dismissal of nine counts of the Felony Information against Callaway also involves construing a constitutional provision (the due process clause of the Fourteenth Amendment) and a Supreme Court Rule (Rule 23.02(g)[3]), but we see no reason why the same *de novo* standard of review would not also apply to our review of these authorities relied upon in connection with Callaway's motion to dismiss, and thus, apply the same standard thereto.

---

[3] All rule references are to Missouri Supreme Court Rules (2021).

5

## IV.    Discussion

### A.    Summary

In its sole point on appeal, the State argues that the circuit court erred in dismissing these charges because it was not improper to charge both defendants with several crimes relating to the operation of a motor vehicle in that Missouri law permits the State to charge co-defendants using principal and accessory theories of liability, and the State was not required to specify in the information whether Callaway was being charged as a principal or accessory.  Furthermore, the State argues that Callaway has not shown it was pursuing inherently factually inconsistent theories of prosecution.  We agree that the circuit court erred in dismissing the driving-related counts against Callaway on the record before us.

### B.    Applicable Missouri Law

*There is No Principal/Accessory Distinction in Missouri*[4]

"Missouri eliminated the distinction between principals and accessories in 1979, and it is now the law that all persons who act **in concert** are equally guilty."  *State v. Barnum*, 14 S.W.3d 587, 591 (Mo. banc 2000) (emphasis added); *see also State v. Cella*, 32 S.W.3d 114, 118 (Mo. banc 2000) ("All persons who act together **with a common intent and purpose** in the commission of a crime are equally guilty." (emphasis added)).  Missouri courts have generally recognized that this law is based on two statutes: §§ 562.036 and 562.041.  *See State v. Young*, 369 S.W.3d 52, 57-58 (Mo. App. E.D. 2012); *State v. Biggs*, 170 S.W.3d 498, 504 (Mo. App. W.D. 2005).

---

[4] Missouri cases addressing this topic appear to use the terms "accessory" and "accomplice" interchangeably, as well as the terms "aider" and "abettor," and they all appear to have the same meaning in this context.  Therefore, for the sake of simplicity, we use the term "accessory" hereinafter.

First, § 562.036, titled "Accountability for conduct," provides that "[a] person with the required culpable mental state is guilty of an offense if it is committed by his or her own conduct or by the conduct of another person for which he or she is criminally responsible, or both."

Second, § 562.041, titled "Responsibility for the conduct of another," provides, in pertinent part, as follows:

> 1. A person is criminally responsible for the conduct of another when:
>
> ….
>
> (2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he or she aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

§ 562.041.1(2); *see also State v. Ward*, 473 S.W.3d 686, 691 (Mo. App. W.D. 2015) (recognizing that "[a]ccessory liability is governed by [§] 562.041"). "The doctrine of accomplice liability embodied in [§] 562.041.1(2) 'comprehends any of a potentially wide variety of actions intended by an individual to assist another in criminal conduct.'" *Barnum*, 14 S.W.3d at 591 (quoting *State v. Richardson*, 923 S.W.2d 301, 317 (Mo. banc 1996)); *see also State v. Roberts*, 709 S.W.2d 857, 860 (Mo. banc 1986) (recognizing that §§ 562.036 and 562.041 "impute to a defendant the criminal *conduct* of another, if the defendant himself has 'the required culpable mental state,' § 562.036…, further defined in § 462.041.1(2)…" (emphasis in original)).

"To make a submissible case of accomplice liability, the State must show that the defendant associated himself with the venture or participated in the crime in some manner." *State v. Thomas*, 387 S.W.3d 432, 437 (Mo. App. W.D. 2013) (quoting *State v. Wilson*, 359 S.W.3d 60, 66 (Mo. App. W.D. 2011)). However, "the State need not show that the defendant personally committed every element of the crime." *Id.*; *accord Barnum*, 14 S.W.3d at 591. Rather, "[a]ny evidence that shows affirmative participation in aiding another person to commit

7

the crime will support a conviction." *Thomas*, 387 S.W.3d at 437. "The accomplice, once he has embarked upon a course of criminal conduct with others, is 'responsible for those crimes which he could reasonably anticipate would be a part of that conduct.'" *Ward*, 473 S.W.3d 692 (quoting *State v. Barker*, 442 S.W.3d 165, 169 (Mo. App. W.D. 2014)). "There is no particular act necessary to establish accomplice liability; mere encouragement is enough." *Thomas*, 387 S.W.3d at 438 (quoting *Wilson*, 359 S.W.3d at 66). "'Encouragement,' for the purpose of determining accomplice liability, is the equivalent of conduct that by any means countenances or approves the criminal actions of others." *Id.*

With respect to the requisite mental intent for proving accomplice liability under §§ 562.036 and 562.041, Missouri courts no longer require the State to prove "dual accomplice intent" (i.e., proving that the accomplice purposely promoted the underlying offense <u>and</u> possessed the requisite intent for the underlying offense). *State v. Smith*, 229 S.W.3d 85, 95 (Mo. App. W.D. 2007) (holding that any cases requiring such intent "were never good law and should not be followed"). Rather, except in cases of first-degree murder, "the only showing required as to the culpable mental state of an accomplice is that in aiding the principal in the commission of the offense, he acted with the purpose to promote the conduct of the principal that constituted the offense for which the accomplice is being held liable. *Id.*; *accord State v. Ward*, 473 S.W.3d 686, 694 (Mo. App. W.D. 2015); and *State v. Rainey*, 545 S.W.3d 916, 924 (Mo. App. W.D. 2018). Subsequent cases have clarified that "to be found guilty as an accomplice, one must have the culpable mental state to have acted with the purpose of promoting the *particular underlying offense*" (as opposed to the intent to simply promote "an offense"). *Booker v. State*, 552 S.W.3d 522, 530 n.2 (Mo. banc 2018) (emphasis added).

*Pleading Principal/Accessory Liability in the Indictment or Information*

Rule 23.02(g) governs the general pleading requirements for alleging principal and accessory liability in criminal cases, and simply states "[a]n indictment or information need not allege whether the defendant is being charged as a principal or as an accessory." We found no case law interpreting Rule 23.02(g), even though it was effective beginning in 2003.

*Case Law Addressing the Pleading Requirements for Principal/Accessory Liability*

Missouri courts have interpreted §§ 562.036 and 562.041, and recognize that "[a]n indictment or information may charge a defendant either as a principal or as an aider and encourager with the same legal effect." *Cella*, 32 S.W.3d at 118; *Thomas*, 367 S.W.3d at 437. Therefore, "[i]t is proper to submit to the jury a theory of accomplice liability despite charging the defendant as a principal." *Cella*, 32 S.W.3d at 118 (citing *State v. Isa*, 850 S.W.2d 876, 898 (Mo. banc 1993)). "[T]he general rule has been that defendants charged as principals may be subsequently convicted as aiders and abettors…." *State v. Jelks*, 672 S.W.2d 722, 724 (Mo. App. E.D. 1984). "Sections 562.036 and 562.041…, which now define when one is criminally responsible for the conduct of another, do not affect this rule." *Id*. "In addition, a variance between the charge and the verdict director is generally not fatal unless a new and distinct offense from that charged is submitted to the jury." *Id*.; *accord State v. Levesque*, 871 S.W.2d 87, 89 (Mo. App. E.D. 1994). Therefore, charging a defendant as an "active participant" in a crime and then submitting his liability on the theory that the he or she "aided" another defendant in the commission of the crime "is not fatal." *Levesque*, 871 S.W.2d at 89; *see also State v. Davis*, 830 S.W.2d 469, 473 (Mo. App. E.D. 1992).

## C.    Analysis

Callaway's argument for the dismissal of the driving-related charges against him rests on the simple premise that, due to Merlenbach's guilty plea to the charge of leaving the scene of an

accident, the State is now advancing an "inherently factually inconsistent" theory because they were each charged as individuals since their respective Felony Informations did not allege they acted "in concert" with one another (or contain any other allegations supporting a theory of accessory liability). Therefore, Callaway argues that this is a violation of his substantive due process rights. However, there are several problems with Callaway's argument.

First, the State need not allege in an information whether the defendant is being charged as a principal or as an accessory. Rule 23.02(g).

Second, the record does not contain any details of Merlenbach's guilty plea, including whether he specifically admitted he was, in fact, the "operator" of the motor vehicle during the chase or whether the circuit court accepted his guilty plea on this basis. In lieu of relying on any evidence, Callaway advances the theory that because being the "operator" of the vehicle is an element of the offense of leaving the scene of an accident under § 577.060.1[5], and because the circuit court accepted Merlenbach's guilty plea, it was therefore conclusively established that Merlenbach was, in fact, the "operator" (i.e., the driver) of the vehicle. However, as the State correctly pointed out in its reply brief, Callaway ignores § 562.036, which provides that a person with the required "culpable mental state" is guilty of an offense through their own conduct "or by

---

[5] Section 577.060, titled "Leaving the scene of an accident--penalties," provides, in pertinent part, as follows:
  1.  A person commits the offense of leaving the scene of an accident when:
    (1) Being the **operator** of a vehicle or a vessel involved in an accident resulting in injury or death or damage to property of another person; and
    (2) Having knowledge of such accident he or she leaves the place of the injury, damage or accident without stopping and giving the following information to the other party or to a law enforcement officer, or if no law enforcement officer is in the vicinity, then to the nearest law enforcement agency:
    (a) His or her name;
    (b) His or her residence, including city and street number;
    (c) The registration or license number for his or her vehicle or vessel; and
    (d) His or her operator's license number, if any.
(Emphasis added). For purposes of Chapter 577 RSMo, the term "operates," is defined as "physically driving or operating a vehicle or vessel." § 577.001(9). In addition, Missouri courts recognize that the dictionary definition of "operate" is "to cause to function usually by direct personal effort: work (~ a car)." *Cox v. Dir. of Rev.*, 98 S.W.3d 548, 550 (Mo. banc 2003) (quoting *Webster's Third New International Dictionary*, 1581 (1993)).

the conduct of another person for which he or she is criminally responsible." Callaway also ignores the similar impact of § 562.041. Therefore, Merlenbach's guilty plea does not necessarily mean he expressly admitted that he, rather than Callaway, was the driver of the vehicle. Rather, it is possible that Merlenbach pled guilty on the basis of having the required "culpable mental state" while also relying on Callaway's conduct in actually driving the vehicle, pursuant to § 562.036 and/or § 562.041. Likewise, a finding by the circuit court that there was a factual basis that Merlenbach was the "operator" of the vehicle would not necessarily mean the court accepted his guilty plea on the basis that he, rather than Callaway, was the driver of the vehicle. Because the record from the dismissal hearing does not contain a transcript or any evidence of the factual basis from Merlenbach's guilty plea hearing, we simply cannot accept Callaway's unsupported allegations, and must reject Callaway's argument that the State's continued prosecution of the driving-related offenses is inherently factually inconsistent with Merlenbach's guilty plea.[6]

Third, even if, *arguendo*, Merlenbach expressly admitted that he was the "operator" of the vehicle during the chase, and even if the circuit court accepted his guilty plea on this basis, this would not preclude the State from pursuing each of the driving-related offenses against Callaway on a theory of accessory liability pursuant to § 562.036 and/or § 562.041. Under Rule 23.02(g) and applicable Missouri case law, the State was not required to allege in the information whether Callaway was being charged as an accessory in order to pursue such a theory at trial. *See Cella*, 32 S.W.3d at 118; *Jelks*, 672 S.W.2d at 724; *Levesque*, 871 S.W.2d at 89. "It is proper to submit to the jury a theory of accomplice liability despite charging the defendant as a principal," *Cella*, 32 S.W.3d at 118, provided, however, the State's theory of liability against

---

[6] We also note that at oral argument to this Court, Callaway's counsel admitted that he has "seen" Merlenbach's guilty plea hearing transcript, even though it is not found in Merlenbach's official court file, of which the circuit court was asked to take judicial notice.

11

Callaway at trial is not factually inconsistent with Merlenbach's guilty plea, *see Bankhead v. State*, 182 S.W.3d 253, 258 (Mo. App. E.D. 2006) (citing *Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000)). Accordingly, Callaway has not shown that the State's continued prosecution of him is inherently factually inconsistent with Merlenbach's guilty plea.[7]

Finally, other than merely reciting the general requirements for a substantive due process violation, Callaway has failed to support this argument with any applicable authority in the motion, at the motion hearing, or on appeal.[8] In this regard, Missouri courts recognize the following general rule:

> To establish a violation of an individual's substantive due process rights, the "plaintiff must demonstrate *both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed."

*Bromwell v. Nixon*, 361 S.W.3d 393, 400 (Mo. banc 2012) (emphasis in original) (quoting *Slusarchuk v. Hoff*, 346 F.3d 1178, 1181-82 (8th Cir. 2003)).

In this case, Callaway has failed to demonstrate either requirement. First, we do not believe the State's continued prosecution of Callaway under the foregoing circumstances is "conscience-shocking." Missouri law does not prohibit the State from prosecuting both

---

[7] We further note that if Merlenbach indeed admitted that he was the "operator" (i.e., the driver) of the motor vehicle during the chase, this would contradict the probable cause statement prepared by Deputy Peters, which identified Callaway as the driver and Merlenbach as the passenger. However, as previously explained, this would not preclude the State's continued prosecution of Callaway on an accessory theory of liability.

[8] In his brief, Callaway acknowledged that *State v. Cella* and *State v. Davis*, *infra*, stand for the general proposition that "the State is not required to specify in the information whether a co-defendant was a principal or an accessory." In response, Callaway relies on *State v. Goodman*, 482 S.W.2d 490, 491 (Mo. banc 1972), arguing that this case distinguishes between "being charged as an individual and a principal." However, even if Callaway's analysis is correct, *State v. Goodman* was decided in 1972, well before Rule 23.02 was amended in 2002 (and took effect on January 1, 2003) to add sub-part (g), which effectively codified the aforementioned rule stated in *Cella* and *Davis*. In addition, *Goodman* was decided well before our Supreme Court recognized in 2000 that Missouri has eliminated the distinction between principals and accessories, and that since 1979 all persons who act "in concert" in committing a crime are equally guilty. *Barnum*, 14 S.W.3d at 591.

12

Merlenbach and Callaway for the driving-related offenses pursuant to § 562.036 and/or § 562.041, notwithstanding Merlenbach's guilty plea.[9]

Second, Callaway has failed to demonstrate that one or more fundamental rights are being violated by the State's continued prosecution of him. As noted, Callaway has provided no authority for such a violation, and our research has not revealed any. Moreover, because Missouri law no longer recognizes a distinction between principals and accessories, rendering them both equally guilty and subject to the same range of punishment, Callaway will suffer no prejudice if the State is ultimately successful in prosecuting him as an accessory for any of the driving-related offenses. *Barnum*, 14 S.W.3d at 591; *Cella*, 32 S.W.3d at 118; *Ward*, 473 S.W.3d at 692. Therefore, we reject Callaway's substantive due process argument as a basis for dismissing the driving-related charges against him in the felony information.

The State's point on appeal is granted.

### V.    Conclusion

For the foregoing reasons, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

_____
Kelly C. Broniec, Presiding Judge

Philip M. Hess, J. and
James M. Dowd, J. concur.

---

[9] While we are not aware of any Missouri cases specifically addressing this specific issue, several courts from other jurisdictions have held that a *passenger* in a motor vehicle can be found guilty of a driving-related offense as an accessory or accomplice. *See, e.g., People v. Nails*, 139 N.E.2d 744, 748 (Ill. 1957); *State v. Derosia*, 50 A.2d 231, 233 (N.H. 1946); *People v. Holford*, 403 P.2d 423, 428-29 (Cal. 1965); *People v. Lewis*, 618 N.Y.S.2d 737, 742-43 (NY. City Crim. Ct. 1994).