

## Missouri Court of Appeals
### Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD38373 |
| | ) | |
| TIMOTHY GREEN, JR., | ) | **Filed:  October 29, 2024** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jessica L. Kruse

**<u>AFFIRMED</u>**

After a jury trial, Timothy Green, Jr. ("Defendant") was convicted of one count of second-degree assault and one count of armed criminal action.[1]  In two points on appeal, Defendant claims:  (1) the circuit court erred in taxing certain costs against him; and (2) the evidence adduced at trial was insufficient to support his convictions.  Finding no merit in either point, we affirm the judgment of the circuit court.

### Point 1 – Alleging Plain Error in Assessing Court Costs

Defendant's first point claims:

---

[1] Unless otherwise indicated, all statutory citations are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

The trial court [plainly] erred[2] in taxing costs against [Defendant] in the Judgment, *because* the Bill of Costs assesses costs against the [S]tate and certifies [Defendant] as insolvent, *in that* a trial court may not assess costs against a defendant who is unable to pay them, and the Bill of Costs made that certification in accordance with Mo. Rev. Stat. § 550.210.

The circuit court's judgment ("the judgment") was executed on a pre-printed form that contained applicable blank spaces to be filled in and boxes to be checked. One of the boxes checked was "[c]osts taxed against [Defendant.]" Approximately two months after the judgment was entered, a Bill of Costs was filed in the case, and it itemized certain costs charged against *the State*, including $25,267.02 as the "cost of incarceration[.]" Defendant argues that the more than $25,000 in costs for his incarceration cannot legally be assessed against him.

Section 488.010 defines "[**c**]**ourt costs**" as "the total of fees, miscellaneous charges and surcharges . . . imposed in a particular case[.]" Section 488.010(1). A challenge to the "circuit court's inter-party allocation of costs" is a proper claim on appeal because "[t]he allocation decision was part of the final judgment subject to appeal[.]" **State v. Savage**, 592 S.W.3d 42, 47 (Mo. App. W.D. 2019).

Defendant admits in his brief that his Rule 29.11[3] after-trial motion did not claim that the circuit court erred in taxing costs against Defendant, so he requests plain-error review under Rule 30.20.

> Generally, this Court does not review unpreserved claims of error. *State v. Cella*, 32 S.W.3d 114, 117 (Mo. banc 2000). Rule 30.20 alters the general rule by giving appellate courts discretion to review "plain errors affecting substantial rights may be considered in the discretion of the court ... when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error

---

[2] Defendant and the State both agree that this issue was not preserved for our review and may only be reviewed for plain error.

[3] Unless otherwise indicated, all rule references are to Missouri Court Rules (2024).

'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017) (quoting *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995), and Rule 30.20). . . . Unless manifest injustice or a miscarriage of justice is shown, an appellate court should "decline to review for plain error under Rule 30.20." [*State v. Jones*, 191,] 196 [(Mo. banc 2014)].

*State v. Brandolese*, 601 S.W.3d 519, 525-26 (Mo. banc 2020).

Defendant does not claim, let alone demonstrate, that he is unable to pay the mandatory court costs set forth in Chapter 488. Instead, Defendant claims that, as a matter of law, he cannot be required to pay court costs because a subsequent fee bill sent to the Missouri Department of Corrections (as required by section 550.190) "was signed (certified) by both the prosecuting attorney and the judge. And this fee bill states that the Bill of Costs 'is properly chargeable against the State of Missouri.'" As the State rightly points out, Defendant "must present evidence – testimonial, by affidavit, or otherwise – to establish that [he] is unable to pay the court costs." *State v. Bertrand*, 636 S.W.3d 181, 193 (Mo. App. E.D. 2020). Defendant did not do so.

Because no facial manifest injustice appears, we decline to review Point 1 for plain error.

### Point 2 – Sufficiency of the Evidence

Defendant's second point claims:

The trial court erred in denying [Defendant]'s motion for judgment of acquittal after all the evidence, and in entering judgment and sentence, because the evidence was insufficient to prove beyond a reasonable doubt that [Defendant] had attempted to cause physical injury to [Victim] by hitting [Victim] with a wood plank, in that the only evidence was that the two girls were the only ones seen holding the wood plank and [Defendant] was never seen holding the wood plank or striking [Victim] with it, and the failure to grant [Defendant]'s motion for judgment of acquittal violated [Defendant]'s rights[.]

We disagree.

*Governing Law and Standard of Review*

A person commits the offense of assault in the second degree when he attempts to cause physical injury to another person by means of a deadly weapon or dangerous instrument. Section 565.052.1(2). A person commits armed criminal action when he "commits any felony . . . by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon[.]" Section 571.015.1.

> "We review the denial of a motion for judgment of acquittal under the same standard of review used in reviewing a challenge to the sufficiency of the evidence to support a jury's guilty verdict." *State v. Sokolic*, 660 S.W.3d 54, 57 (Mo. App. E.D. 2023) (quoting *State v. Bennish*, 479 S.W.3d 678, 684-85 (Mo. App. E.D. 2015)). . . . "The appellate court's role is limited to a determination of whether the state presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty." [*State v. Niederstadt*, 66 S.W.3d 12,] 13-14 [(Mo. banc 2002)]. "The Court examines the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences." *Id.* at 14.

**State v. Shoemaker**, 675 S.W.3d 672, 677-78 (Mo. App. E.D. 2023).

*The Evidence & Analysis*

Victim lived with her two children in a house that she rented from Defendant ("the home"). In March 2020, Victim's father ("Father") had spinal surgery, and when Father was released from a rehabilitation facility, he came to live with Victim and the children in the home. Victim had been released from her job during the COVID-19 pandemic, and she soon began having trouble paying her rent. In April 2020, someone tried to drill the locks out of the home, and Victim's tires were slashed several times between April and June, 2020.

4

Defendant and his girlfriend began staying at the home, and in July 2020, Victim returned from work to find that she had been locked out of the home. The police allowed Victim into the home, and she and Father began sleeping in one room.

On July 17, 2020, Victim returned to the home and found the door to her bedroom had been removed, along with the doors to the front and back of the home. The police returned, and they told Defendant to put the doors back on. They also told Victim to stay in her room, and they told Defendant and his girlfriend to stay on the other side of the home.

At some point after Victim went to bed, Defendant came through Victim's bedroom window and started punching her in the face. Two women kicked in the bedroom door, and they started hitting Victim in the face with the handle from a floor jack. They hit Victim everywhere on her body, and they dragged her off of her bed. The two women then pulled Victim up and held her by her arms. Victim was then "struck in the back of [the] head with a wooden object, four-by-four or two-by-four."

At trial, Victim identified a photograph that depicted the wooden object that hit her, and she said that it hit her so hard that it broke into two pieces. Victim also testified that Defendant was the person who hit her from behind with the board.

Defendant claims there was insufficient evidence to convict him of second-degree assault and armed criminal action because no one actually saw him strike Victim with the board. The State argues that the evidence adduced at trial supported a reasonable inference that Defendant struck Victim with the board or, at a minimum, acted in concert with others who struck Victim with the board. We agree.

As earlier noted, Victim testified that Defendant hit her with the board. Even if Victim did not actually see Defendant hitting her with the board, the only other person in the room apart from Victim's attackers was Father. Based upon that fact, and that the two women were holding Victim, the jury could reasonably infer that Defendant was the person who wielded the board. "[T]he testimony of only one witness may be sufficient to sustain a conviction[.]" *State v. Peeler*, 603 S.W.3d 917, 922 (Mo. App. E.D. 2020) (quoting *State v. Alexander*, 505 S.W.3d 384, 395 (Mo. App. E.D. 2016)). Victim's testimony was sufficient to allow a reasonable juror to find, beyond a reasonable doubt, that Defendant caused or attempted to cause serious physical injury to Victim by means of a deadly weapon or dangerous instrument.

Point 2 is denied, and the presumed-correct judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS